**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 10-4281**

―――――――

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SARHAIT LUCIO-ZAMUDIO,

               Defendant - Appellant.

―――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:08-cr-00528-DKC-8)

―――――――

Submitted: March 31, 2011        Decided: April 4, 2011

―――――――

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

―――――――

Affirmed in part; dismissed in part by unpublished per curiam opinion.

―――――――

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for Appellant. Barbara Suzanne Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sarhait Lucio-Zamudio appeals from her conviction for conspiracy to distribute and to possess with intent to distribute heroin, cocaine and methamphetamine and her resulting eighteen-month prison sentence. On appeal, Lucio-Zamudio's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but challenging the appropriateness of the given sentence. Lucio-Zamudio was informed of her right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal on the basis of the appellate waiver provision in Lucio-Zamudio's plea agreement.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo, and we will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent. Id. at 169. Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Federal Rule of Criminal Procedure 11 colloquy, and the record indicates that the defendant understood

2

the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

A review of the Rule 11 hearing transcript confirms that Lucio-Zamudio knowingly and intelligently waived her right to appeal. In her plea agreement, Lucio-Zamudio explicitly waived the right to challenge any sentence under ten years, and she confirmed at her Rule 11 hearing that she understood the plea agreement. The district court conducted the colloquy required under Rule 11, ensuring that Lucio-Zamudio understood the charges and potential penalties, and that she was competent to enter the plea. We therefore conclude that Lucio-Zamudio knowingly and intelligently waived the right to appeal her sentence. Because Lucio-Zamudio explicitly challenges only her sentence on appeal, we further conclude that Lucio-Zamudio's appeal falls squarely within the scope of the waiver provision, and we, therefore, grant the motion to dismiss as to Lucio-Zamudio's sentence.

The waiver provision, however, did not waive Lucio-Zamudio's right to appeal her conviction. While defense counsel does not assert any errors related to Lucio-Zamudio's guilty plea or convictions, the appeal waiver does not preclude our review of Lucio-Zamudio's conviction pursuant to Anders. In accordance with Anders, we have thoroughly examined the entire

3

record for any potentially meritorious issues not covered by the waiver and have found none. Accordingly, we deny the Government's motion to dismiss as to Lucio-Zamudio's conviction, and we affirm the conviction.

In sum, the Government's motion to dismiss is granted in part and denied in part, Lucio-Zamudio's appeal of her sentence is dismissed, and her conviction is affirmed. This court requires that counsel inform Lucio-Zamudio, in writing, of her right to petition the Supreme Court of the United States for further review. If Lucio-Zamudio requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lucio-Zamudio. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART